### PEARL JONES V. THE STATE.

No. 19403. Delivered February 16, 1938.

The opinion states the case.

*Horton B. Porter*, of Hillsboro, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder without malice, punishment assessed being five years in the penitentiary.

The party killed was a woman named Mozelle Sailes. Both she and appellant were negro women. The evidence shows that appellant and the husband of deceased were guilty of conduct which had aroused the suspicion and jealousy of deceased. On the day of the homicide deceased went to the house of a colored woman named Lillian Breedlove where she found her husband and appellant. The husband fled and a fight with knives between appellant and deceased ensued in which appellant was severely wounded and Mozelle Sailes was killed. A further statement of the facts is not necessary.

It appears from bill of exception number two that in rebuttal the State proved over appellant's objection that witness was then deputy sheriff and had for ten years been city marshal; that he knew appellant's reputation as a peaceable, law-abiding citizen and that it was bad; that he had arrested appellant and the husband of deceased and appellant had been charged with vagrancy, as a common prostitute. The objection to such evidence was general, to the effect that it was "prejudicial, immaterial and had no bearing upon the issue before the jury." In bill of exception number three complaint is made because Mrs. Wicker was permitted to testify that appellant's reputation was bad, the same objections being urged as appear in bill of exception number two. The same character of testimony was given by Mrs. Pritchett over same objection as appears from bill of exception number four. Over the same objection as shown by bill of exception number five the sheriff gave similar testimony, and in addition testified that appellant had been in jail a number of times charged with vagrancy as a common prostitute. Bill of exception number one brings forward complaint because the court declined to withdraw from the jury the evidence of the witnesses named in bills numbers two, three, four and five.

The trial court qualifies all of said bills by stating in substance that appellant brought her general reputation into the case by cross-examination of the State's witnesses, and then upon her direct examination when testifying for herself gave evidence of previous difficulties, arrests, and of being in jail charged as a common prostitute. The statement of facts supports the statements of the trial judge in his qualifications. No error appears in view thereof.

The complaint in bill of exception number eight of the argument of State's attorney presents no error under the record.

The judgment is affirmed.

*Affirmed.*